IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| FRED HENDERSON MOORE, ) | |
| ) | Civil No. 2:10-cv-2148-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CITY OF CHARLESTON, AND ITS ) | |
| AGENTS AND SERVANTS, ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on United States Magistrate Judge Bristow Marchant's order to remand. For the reasons set forth below, the court treats the magistrate judge's order as a report and recommendation ("R&R") and adopts the magistrate judge's recommendation to remand.

## I. BACKGROUND

This action was originally filed in a South Carolina Court of Common Pleas on May 24, 2007, by the City of Charleston ("City") against Fred Henderson Moore ("Moore") as the *pro se* defendant. Moore filed a Notice of Removal for this case on August 17, 2010, in which he characterized himself as the plaintiff and made claims against the City, including violations of his constitutional rights. The City filed a Motion to Remand on September 8, 2010. The magistrate judge ordered this case remanded to state court on October 6, 2010. Moore filed objections to the magistrate judge's order on October 20, 2010.

## II.   STANDARD OF REVIEW

South Carolina federal district courts are split on whether a magistrate judge may order the remand of a case.  Compare Long v. Lockheed Missiles & Space Co., Inc., 783 F. Supp. 249, 250 (D.S.C. 1992), with GPO Fed. Credit Union v. Fernicola, No. 08-516, 2008 WL 6571995, at *1 (D.S.C. July 11, 2008).  This court, however, has ruled that because an order to remand is dispositive, a magistrate judge's order to remand should be treated as an R&R under 28 U.S.C. § 636(b)(1).  Carter v. Cummins, Inc., No. 10-1408, 2010 WL 5139842, *3 (D.S.C. Dec. 10, 2010).  Therefore, this court will review de novo any portion of the magistrate judge's report to which a specific, written objection is made.  28 U.S.C. § 636(b)(1); United States v. Browning, No. 10-7059, 2010 WL 4244544 (4th Cir. Oct. 22, 2010).

A party's failure to object is accepted as agreement with the conclusions of the magistrate judge.  See Thomas v. Arn, 474 U.S. 140 (1985).  This court is not required to review the factual findings and legal conclusions of the magistrate judge to which the parties have not objected.  See id. at 149-50.  The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court.  Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration.  28 U.S.C. § 636(b)(1).

## III.   DISCUSSION

Upon a motion for remand, the removing party bears the burden of proving subject matter jurisdiction; therefore, Moore bears the burden in this motion.

Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). On a motion to remand, courts are obligated to "construe removal jurisdiction strictly because of the 'significant federalism concerns implicated.'" Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004). "If federal jurisdiction is doubtful, a remand is necessary." Id.

Moore claims this case is removable based on federal-question jurisdiction. Moore founds his argument for federal-question jurisdiction on claims he made against the City in his Notice of Removal. Federal district courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Courts must "consider[ ] the complaint at the time of removal to determine if removal was appropriate in the first place." Merrit Blvd., Inc. v. Dep't of Permits & Dev., No. 02-2277, 2003 WL 1908916, at *1 (4th Cir. Apr. 22, 2003). Federal question jurisdiction "cannot rest upon an actual or anticipated counterclaim." Vaden v. Discover Bank, 129 S.Ct. 1262, 1272 (2009).

The complaint Moore has removed to federal court is the City's complaint against Moore, regardless of his captioning of this case. The City's complaint, at the time of removal, did not present a federal question which could give this court jurisdiction. Moore's constitutional claims against the City are counterclaims and

defenses to the City's complaint and cannot give this court jurisdiction over the City's complaint.

## IV.  CONCLUSION

For the foregoing reasons, this court **ADOPTS** the magistrate judge's R&R and **GRANTS** the City's motion to remand.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**February 3, 2011**
**Charleston, South Carolina**